## Case No. 16,323.

### UNITED STATES v. SMITH et al.

[Brunner, Col. Cas. 430;[1] 6 Dane, Abr. 718.]

Circuit Court, D. Massachusetts. 1792.

CRIMINAL CASES—COMMON-LAW JURISDICTION OF.

The federal courts have common-law jurisdiction of criminal cases, and may punish a crime though there be no express statute for that purpose.

In these cases there were four indictments at common law against the defendants, for counterfeiting bank bills of the Bank of the United States, passing them, and having tools to counterfeit, etc. Smith was found guilty of passing bank bills of the said bank, counterfeited.

Parsons moved in arrest of judgment because there was no federal statute on the subject; hence only an offense of common law; and the state courts exclusively have jurisdiction of these offenses.

THE COURT held the act incorporating the Bank of the United States was a constitutional act, and that by the constitution of the United States the federal courts had jurisdiction of all causes or cases in law or equity arising under the said constitution and

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

the laws of the United States; that this was a case arising under those laws, for those bills were made in virtue thereof, though there was no statute describing or punishing the offense of counterfeiting them; and therefore to counterfeit them was a contempt of and misdemeanor against the United States, and punishable by them as such; and that the same offense might be punished as a common-law cheat in the state court. Judgment was fine and imprisonment and pillory, the common-law punishment; but not to pay costs, paying costs being no part of the common-law punishment.

(See seventh amendment of the federal constitution as to common law.)